# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| Lee Ann Thomas Hickson, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 9:11-1810-TMC |
| v. | ) |
| | ) **OPINION and ORDER** |
| Michael J. Astrue, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Lee Ann Thomas Hickson ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. § 405(g). The matter is before the court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Bristow Marchant issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 D.S.C.

On September 12, 2012, the Magistrate Judge issued a Report in which he concluded that the findings of the Administrative Law Judge (the "ALJ") were supported by substantial evidence and, as a result, recommended that the decision of the Commissioner be affirmed. (Dkt. # 21). Plaintiff filed objections to the Report on October 1, 2012, to which the Commissioner filed a reply on October 18, 2012. (Dkt. # 22 and 24). For the reasons set forth below, the decision of the Commissioner is affirmed.

**Procedural Background**

Plaintiff is a 43 year old woman who applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") due to a history of a broken heel, caleaneous, morbid obesity, and depression. She has a high school education with one year of college and past relevant work experience as a sewing machine operator, child monitor, industrial cleaner, and home health attendant. The application was initially denied on January 30, 2009, and upon reconsideration on November 23, 2009. Thereafter, on June 3, 2012, the ALJ issued his decision finding Plaintiff not disabled and denying her benefits. The Appeals Council denied the Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. On July 26, 2011, Plaintiff commenced this action to review the Commissioner's denial of benefits.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to---including those portions to which only "general and conclusory" objections have been made---for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject or

modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g).  "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775  (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational."  *Vitek*, 438 F. 2d at 1157-58.

## Discussion

The Magistrate Judge recommends that the court affirm the ALJ's decision.  In her Objections, Plaintiff raises two issues.  Plaintiff contends the Magistrate Judge erred in finding that the ALJ properly evaluated Plaintiff's multiple impairments and in finding that the ALJ properly assessed her credibility.

After carefully reviewing the record, the court finds that the Magistrate Judge's recommended disposition is correct in this case and Plaintiff's objections are overruled. Having conducted the required de novo review of the issues to which Plaintiff has objected, the Court finds no basis for disturbing the Report. The Magistrate Judge adequately addressed each of these issues in the Report and the court concurs with both the reasoning and result recommended by the Magistrate Judge. The court has carefully reviewed the record and finds that substantial evidence supports the Commissioner's decision that the Plaintiff was not disabled as defined by the Social Security Act.

## Conclusion

After a thorough review of the record, to include the findings of the ALJ, the briefs from the parties, the Report and objections thereto, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in this case. The court adopts the Report of the Magistrate Judge which is incorporated herein by reference. The Plaintiff's objections are overruled. For the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

November 15, 2012
Anderson, South Carolina